**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

FLAGSTAR BANK, FSB,          )
                                  )
          Plaintiff,      )
                                  )
          v.               )      Civil No. 2016-95
                                  )
DONALD J. MOOK, DANA W. MOOK,  )
                                  )
          Defendants.    )
                                  )
                                  )
_____  )

**APPEARANCES:**

**A.J. Stone, III**
Bolt Nagi PC
St. Thomas, U.S.V.I.
    *For Flagstar Bank, FSB.*

**JUDGMENT**

**GÓMEZ, J.**

Before the Court is the motion of Flagstar Bank, FSB, for default judgment against Donald J. Mook and Dana W. Mook.

### I.    FACTUAL AND PROCEDURAL HISTORY

Having reviewed the record, the Court makes the following findings of fact:

1. Donald J. Mook and Dana W. Mook (collectively, the "Mooks") are the record owners of property described as "Parcel No. 1X-1-N Estate Wintberg, No. 3 Great Northside Quarter, St. Thomas, U.S. Virgin Islands, as described and

shown on OLG No. A9-466-T95, consisting of .2713 acres, more or less" (the "Property").

2. Donald Mook is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

3. Dana Mook is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

4. On or about January 25, 2008, the Mooks borrowed $455,078 from Flagstar Bank, PSC, ("Flagstar").

5. On November 9, 2011, the Mooks executed and delivered a promissory note (the "Note") to Flagstar in which they promised to pay Flagstar the principal sum of $439,120, plus interest at a rate of 5.75% per annum in monthly installments of $2,104.12 for the first 120 months and $3,082.99 thereafter.

6. The Note provides that the Mooks will be in default if a monthly payment is not paid on the date it is due. The Note further provides that if the Mooks fail to pay the amount due after being sent a written notice of default the entire remaining principal sum and interest may become due and payable immediately.

7. On January 25, 2008, the Mooks delivered to Mortgage Electronic Systems, Inc., ("MERS"), as nominee for Flagstar, a real estate mortgage (the "Mortgage")

encumbering the Property. The Mortgage is attached to the Property. The Mortgage's terms give Flagstar the right to foreclose on the Property in the event of a default on the Note.

8. On January 25, 2008, the Mortgage was recorded at the Office of Recorder of Deeds for the District of St. Thomas and St. John as Document Number 2008000789.

9. On or about April 1, 2016, the Mooks failed to pay a monthly installment on the Note when it became due.

10. On May 16, 2016, Flagstar gave the Mooks written notice of the default and advised them that failure to cure the default may result in acceleration and foreclosure.

11. The Mooks have failed to cure their default and make the required payment of principal and interest to Flagstar as required by the Note and Mortgage. As a result, Flagstar accelerated the payment on the Note.

12. On August 31, 2016, MERS assigned its interest in the Property to Flagstar. The assignment was recorded at the Office of Recorder of Deeds for the District of St. Thomas and St. John as Document Number 2016007729.

13. Flagstar initiated this action against the Mooks to enforce the terms and conditions of the Note and Mortgage.

14. On December 13, 2016, Donald Mook was personally served with the complaint in this action.

15. On December 13, 2016, Dana Mook was served by delivering a summons and copy of the complaint to Donald Mook at the Mooks' shared residence.

16. The Mooks have not filed an answer to Flagstar's complaint. On November 7, 2017, the Clerk of Court entered default against the Mooks.

17. The Mooks are in default on the Note. As of September 1, 2017, the Mooks are in debt to Flagstar in the principal amount of $439,120; plus interest on the Note in the amount of $37,874,16; escrow advances of $5,511.22; late charges of $631.26; and property preservation fees and charges of $210. The total amount of the Mooks' indebtedness to Flagstar is $483,346.64.

## II.  **DISCUSSION**

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). A motion for entry of default judgment must contain evidence of the following: (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an

infant or incompetent; (4) that all pleadings were validly

served upon the defendant; (5) the amount of judgment and how it

was calculated; and (6) an affidavit of non-military service.

*See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL

2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court

must consider three factors when determining whether to grant a

default judgment: "(1) [the] prejudice to the plaintiff if

default is denied, (2) whether the defendant appears to have a

litigable defense, and (3) whether defendant's delay is due to

culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164

(3d Cir. 2000).

### III. <u>ANALYSIS</u>

To prevail on a debt and foreclosure claim, the plaintiff

must show that: (1) the debtor executed a promissory note and

mortgage; (2) the debtor is in default under the terms of the

note and mortgage; and (3) the lender is authorized to foreclose

on the property mortgaged as security for the note. *Thompson v.*

*Florida Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. 2009). The

facts found by the Court establish each of the elements for a

debt and foreclosure claim.

The premises considered, it is hereby

**ORDERED** that Flagstar's motion for default judgment is

**GRANTED**; it is further

**ORDERED** that Flagstar shall recover from the Mooks the

principal amount of $439,120; plus interest on the Note in the

amount of $37,874.16; escrow advances of $5,511.22; and late

charges of $631.26; and property preservation fees and charges

of $210. Interest continued to accrue on the principal at a rate

of $69.18 per day after September 1, 2017, until the date of

judgment; it is further

**ORDERED** that the Mortgage is a first priority lien; it is

further

**ORDERED** that the Mortgage, and any liens

subsequent to it are hereby foreclosed; it is further

**ORDERED** that the Property shall be sold by the United

States Marshal according to law and the proceeds of such sale

shall be applied first to the expenses associated with any sale,

including but not limited to the costs of publication and the

commission assessed by the United States Marshal's Service

pursuant to Title 28, Section 1921 of the United States Code,

and then toward satisfaction of this Judgment in favor of

Flagstar, including any costs and attorney's fees that may be

awarded upon application and any sums that may be paid by

Flagstar for insurance premiums, taxes, and expenditures

necessary to maintain the Property pending sale with interest

from the date of any such payment. Pursuant to Title 5, Section

489(5) of the Virgin Islands Code, the surplus, if any,

remaining after application of the proceeds as provided above,

shall be returned to the debtor; it is further

**ORDERED** that

1. Pursuant to Title 5, Section 484 of the Virgin Islands

Code, notice of the Marshal's sale shall be posted for four

(4) weeks prior to the sale in a public place in or near

the Office of the Clerk of the Court; and published once a

week for at least four (4) consecutive weeks prior to the

sale in a newspaper regularly issued and of general

circulation in the U.S. Virgin Islands, which uses

newsprint. The notice shall describe the Property as set

out above and shall contain the terms and conditions of

sale as set out herein.

2. The terms and conditions of the sale shall be as

follows:

      a. The Property shall be sold as a whole at a public

         sale at the Office of the U.S. Marshal, Federal

         Building, St. Thomas, U.S. Virgin Islands.

b. Flagstar may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

c. The terms of the sale as to all other persons or parties bidding shall be cash.

d. The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Property.

e. The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3. Flagstar shall have any and all writs necessary to execute the terms of this Judgment.

4. The Mooks shall be liable to Flagstar for any deficiency remaining after the sale of the Property; it is further

**ORDERED** that the trial setting in this matter is **VACATED;** it is further

   **ORDERED** that all pending motions are **MOOT;** and it is

further

   **ORDERED** that the Clerk of Court shall **CLOSE** this case.


                              S\‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                   **Curtis V. Gómez**
                                   **District Judge**